DLD-036                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2578

_____

In re:  OLIVER VAUGHN:DOUCE,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-23-cv-21737)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 21, 2024
Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 18, 2024)

_____

OPINION[*]

_____

PER CURIAM

In October 2023, Petitioner filed a complaint against the New Jersey Division of

Child Protection and Permanency and other defendants in the District Court for alleged

civil and constitutional rights violations that occurred during child custody proceedings.

Petitioner applied to proceed in forma pauperis. The next year, Petitioner filed a writ of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

mandamus in this Court seeking relief from the delay in his litigation and demanding the jury trial that he requested in his complaint. The mandamus petition is before us now.

But on November 13, 2024, the District Court consolidated the case underlying this mandamus petition, Civ. No. 3-23-cv-21737, with another District Court case in which Petitioner had filed a nearly identical complaint, Civ. No. 3-22-cv-00475 (hereinafter "the partner case"). The Court administratively terminated the District Court proceedings underlying this mandamus petition, and it dismissed the complaint that Petitioner had filed in the partner case.

"The writ of mandamus is an extreme remedy reserved for only the most extraordinary situations." In re Abbott Lab'ys, 96 F.4th 371, 379 (3d Cir. 2024) (cleaned up). We have the discretion to grant it only if the petitioner shows: "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." Id. (cleaned up). Petitioner has not met that standard here. In light of the District Court's November 13 order, Petitioner's complaint about the District Court's purported delay is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). To the extent Petitioner seeks other relief in the mandamus petition, he has not shown that an appeal from the District Court's judgment in the partner case would be an inadequate remedy. See In re Abbott Labs., 96 F.4th at 385.

For these reasons, to the extent the mandamus petition is not moot, we will deny it.

2